UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY RUTH COZART-LUNDIN, et al.,

    Plaintiffs,

v.

LOANCARE LLC, et al.,

    Defendants.
_____/

Case No. 1:24-cv-1333

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Plaintiffs, proceeding pro se, initiated this case against Defendants, alleging various claims arising from the servicing of their mortgage and the loan modification process. Plaintiffs filed an Amended Complaint, which Defendants moved to dismiss. Plaintiffs did not respond to the motion to dismiss. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the unopposed motion and dismiss this action with prejudice on the ground that it is barred by Plaintiffs' prior bankruptcy proceeding and the doctrine of claim preclusion. The matter is presently before the Court on Plaintiffs' objections to the Report and Recommendation, to which Defendants filed a response. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiffs argue that because their bankruptcy proceeding concerned issues different from their claims at bar, the Magistrate Judge erred in concluding that the doctrine of claim preclusion bars their claims (Pls. Obj., ECF No. 26 at PageID.174–175).  Plaintiffs' argument lacks merit.  Claim preclusion (or res judicata) "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated."  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009) (applying res judicata to orders from a prior bankruptcy proceeding).  The Magistrate Judge expressly indicated that "[a]lthough Plaintiffs assert different claims in this action, these are claims Plaintiffs could and should have raised in the adversary proceeding" (R&R, ECF No. 25 at PageID.172–173).  Therefore, Plaintiffs' argument fails to demonstrate any error in the Magistrate Judge's analysis or ultimate conclusion.

Plaintiffs also argue that because they are proceeding pro se and in good faith, dismissal with prejudice is inappropriate (Pls. Obj., ECF No. 26 at PageID.175).  This argument likewise lacks merit.  Dismissal with prejudice is appropriate where, as here, no amendment can save a claim.  *See Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 372 (6th Cir. 2024); *Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 557 (6th Cir. 2017).  All plaintiffs, including those proceeding pro se, must plead plausible claims for relief.  *See, e.g., Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Additionally, a Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 26) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 25) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 19) is GRANTED for the reasons stated in the Report and Recommendation.

This case is CLOSED.

Dated: June 2, 2025                              /s/ Jane M. Beckering
                                                 JANE M. BECKERING
                                                 United States District Judge